IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY W. TARVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:16cv715-TFM |
| | ) | |
| SUSAN A. TARVER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

On December 27, 2016, Timothy Tarver ("the former husband" or "Tarver") filed a Motion to Alter, Amend, or Vacate this Court's decision to grant the Motion to Dismiss filed by Susan A. Tarver ("the former wife").  Doc. 19.  To the extent the former husband requests this court to reconsider its previous decision, the Motion to Alter or Amend is GRANTED.  *Id*.  To the extent he requests the court to vacate its prior Opinion, however, the Motion to Vacate is due to be DENIED.  *Id*.

The former husband asserts that this court's decision to dismiss is based on a clear error of law or fact.  Specifically, he argues that this matter is not barred by the *Rooker-Feldman* doctrine because no state court "ever addressed jurisdiction over veteran's disability benefits."  *Id*., p. 2.  The matters set forth in the Petition for Declaratory Judgment and Injunctive Relief, in which he requests this court to declare "whether the State of Alabama has subject matter jurisdiction . . . to render a valid [and] enforceable order[] to divide and assign the Veteran's VA disability benefits and to force the Veteran to pay said benefits to the Defendant despite express prohibition by 38 U.S.C. § 5301"

(Doc. 1), is clearly an attempt to circumvent the previous findings of the state courts regarding the former wife's efforts to enforce the terms of their divorce settlement agreement in which the he agreed to pay his former wife 50 percent of his monthly Department of Veterans Affairs disability benefits.  Therefore, to the extent the former husband seeks injunctive and declaratory relief from adverse decisions issued or actions taken by the Elmore County Circuit Court, the *Rooker-Feldman* doctrine deprives this court of jurisdiction over the former husband's request.

In its prior Opinions, this court recognized that FSPA prohibits the division of disability benefits as community property in a divorce.  Doc. 17; *Tarver v. Tarver*, 2:15cv959-TFM (M.D. Ala., March 25, 2016), Doc. 10.  Tarver's request for this court to declare "whether the State of Alabama has subject matter jurisdiction . . . to render a valid [and] enforceable order[] to divide and assign the Veteran's VA disability benefits and to force the Veteran to pay said benefits to Defendant despite express prohibition by 38 U.S.C. § 5301" is the same issue he has repeatedly raised in both state and federal court.  Furthermore, to the extent Tarver requests this court to advise the state court how to proceed with the terms of the settlement agreement, the court concludes that the manner in which the state court directs Tarver to distribute the VA disability benefits which he receives directly from the Department of Veterans Affairs and agreed to provide to his former wife in a settlement agreement, such as by depositing the funds to the former husband's bank account and then transferring the funds to the wife's bank account or by some other similar manner, is not an issue before this court.  The court refrains to intervene in state court proceedings involving the interpretation of terms in the

divorce settlement agreement and any related contempt proceedings pursuant to the *Younger* abstention doctrine.[1]

Tarver indicates that this court's reliance on *McSparin v. McSparin*, 489 Fed. Appx. 348 (11th Cir. 2012), is misplaced because the allocation of VA disability benefits was part of an alimony payment determination rather than a provision for the division and assignment of VA disability benefits as marital property. This court, however, concludes that the reasoning in *McSparin* is equally applicable. The former husband's claims in this case "are inextricably intertwined with the state court judgment because, by raising them in the district court, he essentially [seeks] to nullify the state court decision" regarding his agreement to provide part of his disability payments to his former wife, and "nothing suggests that he lacked a reasonable opportunity to raise all of his claims in state court." *McSparin*, *supra*.

Accordingly, it is further ORDERED that, to the extent the former husband requests this court to vacate its order granting the Motion to Dismiss in favor of the former spouse, the Motion to Vacate is DENIED. Doc. 19.

Done this 12th day of January, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[1] *Younger v. Harris*, 401 U.S. 371 (1971).